**GARY SCHOER**

ATTORNEY AT LAW

NORTH SHORE ATRIUM

6800 JERICHO TURNPIKE, SUITE 108W

SYOSSET, NEW YORK 11791

(516) 496-3500

FAX (516) 496-3530

EMAIL: GSchoer@aol.com

January 18, 2007

**VIA ECF AND REGULAR MAIL**

Honorable Joseph F Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        RE: Lerner v. Powell et. al
            Docket No. 06 CV 6717 (JFB)(ARL)

Dear Honorable Sir:

    I am the attorney retained to represent the Defendant Fredric A. Powell in the instant matter.

    Simultaneously herewith the Defendant has timely filed an Answer to the Plaintiff's complaint and a Rule 26(A)(1) Initial Disclosure.

    This letter is respectfully submitted pursuant to the Court's Order of January 11, 2007 directing the Defendant to respond to letters from Plaintiff's counsel to the Court dated December 26, 2006 and January 4, 2007.

    Plaintiff's letters, which absent litigation privileges, would be defamatory, are totally inaccurate and are clearly designed to prejudice the Defendant in the eyes of the Court even before he had an opportunity to Answer the allegations of the Plaintiff's complaint.

1

Contrary to the Plaintiff's attorney's claims, the transaction at issue was not a "real estate scheme operated by the Defendant" nor a "PONZI scheme". The underlying mortgage loan investment was not a "sham", but a legitimate mortgage/construction loan investment, which was an arms length transaction between the property purchaser/borrower/developer and the Plaintiff/Lender. Defendant acted merely as the attorney for the Plaintiff/Lender protecting his rights as the private mortgagee.

Not only was a mortgage note in the sum of $295,000.00 executed by the purchaser/borrower (on January 8, 2004 not 2001 as alleged in the Plaintiff's complaint), but the mortgage was duly executed at that time and duly and properly recorded shortly thereafter (See Exhibit "A" annexed hereto).

At the legitimate closing of the property purchaser/and mortgage /construction loan a title insurance policy in favor of the Plaintiff was purchased (See Exhibit "B") and paid for (See Exhibit "C").

At the closing on January 8, 2004 checks on behalf of the purchaser/borrower were issued to and for benefit of the seller, to the title company, and to the borrower as an initial advance on construction costs, totaling $218,074.50 (See Exhibit "D")/ Thereafter, as construction progressed the borrower was issued checks totaling an additional sum of $76,500.00 (See Exhibit "E"). The balance of the loan proceeds in the sum of $425.50 was the Defendant's more than reasonable fee for his services on behalf of the Plaintiff as paid for by the borrower.

Defendant, based upon his knowledge of the real estate market, believes that the mortgaged land and the newly constructed/renovated home on the premises adequately secure the Plaintiff's investment of $195,000.00 plus any interest to which Plaintiff is entitled. No funds of the Plaintiff are unaccounted for and nothing has been secreted. Moreover, there is nothing to "paper over", no documents that can be "manufactured" or "destroyed" and no basis to believe, upon the facts, which Plaintiff's counsel never bothered to investigate before making serious unsubstantiated accusations, that Defendant has or will "secrete" funds.

2

Upon all of the above, Plaintiff's counsel's accusations are unfounded and do not support his claims for the necessity of treating this matter any differently than all civil proceedings pending before this Court.

Thank you for your consideration of this matter.

Respectfully yours,

GARY SCHOER

GS/tm
cc: Robert J. Tolchin, Esq. (Via ECF)